UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
MAX JOHNSON,

      Plaintiff,

  Civil Case No:

 -against-

HANINI GROUP LLC d/b/a HOTEL INDIGO,  **COMPLAINT**
INTERCONTINENTAL HOTELS GROUP
RESOURCES, INC., CRESCENT HOTELS &
RESORTS, LLC, TAVENT GROUP, INC., PARKER  Plaintiff Demands a Trial
SAMS, individually, and CHARLIE TAVORMINA,  by Jury
individually,

      Defendants.
------------------------------------------------------------------X

  Plaintiff, MAX JOHNSON (hereinafter referred to as "JOHNSON" and/or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants HANINI GROUP LLC d/b/a HOTEL INDIGO (hereinafter referred to as "HANINI"), INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. (hereinafter referred to as "IHG"), CRESCENT HOTELS & RESORTS, LLC (hereinafter referred to as "CRESCENT"), TAVENT GROUP, INC. (hereinafter referred to as "TAVENT"), PARKER SAMS (hereinafter referred to as "SAMS"), and CHARLIE TAVORMINA (hereinafter referred to as "TAVORMINA") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff JOHNSON brings this action charging that the Defendants violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

U.S.C. § § 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, and the New Jersey Law Against Discrimination ("NJLAD"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employer on the basis of his race and creed/religion, together with retaliation, intimidation, hostile work environment, and wrongful termination.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 42 U.S.C. §1981. The Court has jurisdiction pursuant to 29 U.S.C. § 2617, 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3. On or around May 2, 2018, the Equal Employment Opportunity Commission ("EEOC") mailed Plaintiff JOHNSON his Right to Sue Letter from the Charge of Discrimination and Amended EEOC Charge Plaintiff filed with the EEOC on August 21, 2017 and February 15, 2018, respectively. Plaintiff received the Right to Sue Letter on May 14, 2018. Plaintiff's EEOC Charge Number is 524-2017-01047.

4. Plaintiff has satisfied all administrative prerequisites and is filing this action within ninety (90) days of receiving his Right to Sue Letter pursuant to 29 CFR § 1601.28.

5. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the District of New Jersey and the discriminatory actions occurred within the District of New Jersey. 28 U.S.C. §1391(b).

**PARTIES**

6. Plaintiff is an African-American, Christian male who resides in the State of New Jersey, County of Essex.

7. At all times material, HANINI is a limited liability company duly existing by virtue of the laws of the State of New Jersey that does business in the State of New Jersey.

8. At all times material, IHG is a foreign for-profit corporation duly existing by virtue of the laws of the State of Delaware that does business in the State of New Jersey.

9. At all times material, CRESCENT is a foreign limited liability company duly existing by virtue of the laws of the state of Delaware that does business in the State of New Jersey.

10. At all times material, TAVENT is a domestic for-profit company duly existing by virtue of the laws of the State of New Jersey that does business in the State of New Jersey.

11. At all times material, Defendants HANINI, IHG, CRESCENT, and TAVENT (hereinafter collectively referred to as "CORPORATE EMPLOYERS") are joint/single employers with the ability to affect the terms of employment and working conditions of Plaintiff.

12. At all times material, Plaintiff was jointly employed by Defendants CORPORATE EMPLOYERS.

13. SAMS is an individual Caucasian male who, upon information and belief, is a resident of the State of New Jersey. At all times relevant, SAMS was an employee of CRESCENT and a supervisor of Plaintiff, with the ability to affect the terms of his employment and working conditions.

14. TAVORMINA is an individual Caucasian male who, upon information and belief, resides in the State of New Jersey. At all times relevant, TAVORMINA was and is the owner of TAVENT and a supervisor of Plaintiff, with the ability to affect the terms of his employment and working conditions.

## FACTUAL ALLEGATIONS

15. Around July 20, 2015, TAVENT hired JOHNSON as a shuttle driver and valet services provider.

16. In or about September of 2015, Defendants hired Plaintiff to provide shuttle service and valet services five days per week at Hotel Indigo, in addition to other errands and gardening tasks as assigned by employees of all Defendants.

17. Hotel Indigo is an establishment providing accommodations, meals, and other services located at 810 Broad Street, Newark, NJ 07102.

18. At all times material, Defendants HANINI and IHG owned and operated the Hotel Indigo.

19. At all times material, CRESCENT provided hotel management services at Hotel Indigo.

20. At all times material, TAVENT provided hospitality and parking services at Hotel Indigo.

21. At all times material, Plaintiff was an exemplary employee, receiving high customer praise, excellent performance reviews, and outstanding customer comments for his work at Hotel Indigo. Plaintiff went above and beyond for Defendants by providing excellent customer service and treating all clients with kindness and respect. In recognition of his exemplary efforts and performance, Plaintiff received multiple pay raises.

22. In or around Spring 2017, Defendants hired SAMS to manage Hotel Indigo. Prior to Defendants hiring SAMS as General Manager, Plaintiff had never received a disciplinary action – on the contrary, his work was universally lauded as exemplary.

23. Around June 2017, SAMS spoke to JOHNSON. In the course of the conversation, Plaintiff revealed he was a Christian and a church pastor.

24. SAMS responded, "You're a preacher? Let's come into my office and talk."

25. SAMS and JOHNSON then had a conversation in SAMS' office, during the course of which SAMS asked Plaintiff several questions challenging the basis of his beliefs.

26. Over the next two months, Plaintiff was subjected to unwanted comments, unwarranted verbal reprimands, and hostile behavior from SAMS on the basis of his religion and race.

27. For instance, on or about July 1, 2017, SAMS told Plaintiff that he and his friends should come to SAMS' house for a cookout and to preach. He claimed that as the "only white guy" in the neighborhood, if JOHNSON and his friends preached at the home, the neighborhood "black guys" would not "beat him up."

28. Plaintiff was concerned and offended by the content of SAMS' comments, as well as his tone during the conversation.

29. Around July 2017, SAMS asked JOHNSON to sell tablets no longer needed at the hotel.

30. Although SAMS offered Plaintiff a tablet in exchange for his service, Plaintiff offered to do it for free.

31. JOHNSON sold several of the tablets to his friend, who was also a preacher.

32. A week or two later, Plaintiff's friend returned to complain that one of the tablets was broken, but SAMS refused to see the friend. Shortly thereafter, the friend returned and spoke to SAMS.

33. SAMS later told Plaintiff, "You tell your friend if I see him on the street, I'm going to fuck him up."

34. In or around July 2017, while in the lobby of the hotel and not interacting with one another, Plaintiff overheard SAMS state that he "hate[d]" him, referring to Plaintiff JOHNSON.

35. In or around July 2017, SAMS repeatedly slammed doors when in close proximity to JOHNSON. This was conduct he directed to Plaintiff but no other employees.

36. On or about July 20, 2017, JOHNSON commented that he had been with the hotel for two years and SAMS sneered at him.

37. As a result of SAMS' hostile behavior, in or around late July 2017, Plaintiff complained about the discrimination he experienced to TAVENT's Director of Operations, Gregory Waltenberg, and TAVORMINA, owner of TAVENT.

38. Despite being notified of SAMS' hostile and unlawful discriminatory conduct, TAVENT took no corrective action.

39. Shortly thereafter, in or around late July or early August 2017, SAMS verbally reprimanded JOHNSON for resting his foot against a wall, a common practice for all employees in Plaintiff's position as they are often required to stand for long periods of time. Significantly, SAMS only verbally reprimanded JOHNSON for this conduct. He said nothing to the other employees who similarly rested their feet against the wall.

40. In or around early to mid-August 2017, Plaintiff was on his regular post outside the Hotel Indigo when SAMS asked, "What are you doing?"

41. Plaintiff replied that he was doing his job.

42. SAMS responded, "No, you're not. Today's your last day. You're fired."

43. Devastated and confused, Plaintiff spoke with Gregory Waltenberg the next day regarding his termination from Hotel Indigo.

44. Waltenberg informed Plaintiff that he had asked SAMS why he terminated Plaintiff.

45. SAMS told Waltenberg, "I'm an atheist, I don't want him in my hotel."

46. Waltenberg asked what specifically Plaintiff had done wrong.

47. SAMS replied, "Nothing, but I don't want him in my hotel. I don't want him talking about God."

48. Despite being informed of SAMS' unlawful discriminatory motivation in terminating Plaintiff's valet and shuttle driver position at the Indigo Hotel, Defendants failed to investigate JOHNSON's termination or complaint of discrimination, or to otherwise redress the unlawful termination.

49. Following his unlawful termination, Plaintiff was forced to work six or sometimes seven days a week to attempt to make up the loss of income he suffered.

50. As a result of his increased workload, Plaintiff was admitted to the hospital with high blood pressure, chest pain, and other depressive and stress-induced symptoms.

51. JOHNSON remained and still remains in TAVENT's employ.

52. On or about August 21, 2017, Plaintiff filed a Charge of Discrimination with the EEOC. Plaintiff filed an Amended Charge of Discrimination with the EEOC on or about February 15, 2018.

53. Thereafter, on or about May 14, 2018, Plaintiff received a Right to Sue Letter from the EEOC dated May 2, 2018.

54. Defendants were served with a copy of the charges against them and rather than try to correct or stop the discrimination, Defendants TAVENT and TAVORMINA intimidated Plaintiff in an attempt to stop Plaintiff from bringing the instant lawsuit.

55. Specifically, in or around May 30, 2018, TAVORMINA called Plaintiff and asked him questions about his charge with the EEOC and whether he intended to go forward with a lawsuit.

56. Plaintiff attempted to deflect the questions, but TAVORMINA was persistent.

57. Plaintiff responded by telling Defendant how the wrongful termination and discrimination affected him emotionally and physically.

58. TAVORMINA became agitated and told Plaintiff to "forget about everything and move on."

59. TAVORMINA further told Plaintiff to drop the potential lawsuit because it was "expensive" to have lawyers involved in this issue and any future litigation.

60. As a result of the foregoing acts and conducted, Plaintiff has been discriminated against by his employer on the basis of his race and creed/religion, together with retaliation, intimidation, a hostile work environment, and wrongful termination.

61. As a result of the foregoing acts and conduct, Plaintiff suffered and continues to suffer extreme humiliation, victimization, embarrassment, intimidation, and emotional and physical distress.

62. Upon information and belief, the discrimination, harassment, retaliation, and intimidation will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment, retaliation, and intimidation heretofore yet experienced.

63. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, tips, benefits and other compensation which such employment without unlawful discrimination entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering,

inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

64. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

65. The above are just some of the examples of the discrimination and retaliation that the Plaintiff had to and continues to endure. Plaintiff further claims constructive and/or actual discharge to the extent he is terminated from him position as a result of the retaliation and harassment.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e et. seq.,
(Against Defendants CORPORATE EMPLOYERS)**

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703](a) Employer practices, It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individuals race, color, religion, sex or national origin;…

69. Defendants CORPORATE EMPLOYERS engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by: (1) discriminating against JOHNSON on the basis of his race and religion; (2) allowing their employees to discriminate against JOHNSON on the basis of his race and religion; and (3) creating a hostile work environment that promoted discrimination against JOHNSON on the basis of his race and creed/religion.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
42 U.S.C. § 2000e-3(a)
RETALIATION
(Against Defendants CORPORATE EMPLOYERS)**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of [its] employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter."

73. Defendants CORPORATE EMPLOYERS engaged in the unlawful employment practice prohibited by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with

respect to the terms, conditions and privileges of his employment because of his opposition to the unlawful employment practices alleged herein.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
42 U.S. CODE § 1981
DISCRIMINATION
(Against All Defendants)**

75. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

76. 42 U.S. Code § 1981 - Equal rights under the law states provides:

   (a)   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   (b)   For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

   (c)   The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

77. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

78. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

79. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

81. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

**AS A THIRD CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**NJLAD § 10:5-12(a)**
**DISCRIMINATION**
**(Against All Defendants)**

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. NJLAD's Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race, creed … to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis of his race and creed/religion.

85. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
UNDER NEW JERSEY STATE LAW
NJLAD § 10:5-12(d)
RETALIATION AND INTIMIDATION
(Against All Defendants)**

86. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

87. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

88. Defendants violated the sections cited herein by unlawfully retaliating against Plaintiff for reporting and opposing practices and acts forbidden under NJLAD § 10:5-12.

89. Defendants TAVENT and TAVORMINA further violated the sections cited herein by unlawfully coercing, intimidating, threatening or interfering with Plaintiff's exercise of rights granted or protected by this act as cited in paragraphs 53 – 58 herein.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**NJLAD § 10:5-12(e)**
**AIDING AND ABETTING**
**(Against All Defendants)**

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

92. NJLAD Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

93. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

94. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

95. As such, Plaintiff has been damaged as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendant engaged in unlawful employment practices prohibited Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §1981, and the New Jersey Law Against Discrimination, and that the Defendant harassed, discriminated against, and retaliated against Plaintiff on the basis of race and creed/religion.

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.


Dated:   New York, New York
         July 31, 2018

                                 **DEREK SMITH LAW GROUP, PLLC**
                                 *Attorneys for Plaintiff*


                                 By   /s/ Alex Cabeceiras
                                    Alex Cabeceiras, Esq.
                                    One Pennsylvania Plaza, Suite 4905
                                    New York, New York 10119
                                    (212) 587-0760