Ronald V. Sgambati (Bar ID #046321991)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANTS
TAVENT BROAD STREET, INC.,
Improperly pled as TAVENT GROUP, INC.
and CHARLIE TAVORMINA

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------x
MAX JOHNSON,

        Plaintiff,

   v.

HANINI GROUP LLC d/b/a HOTEL
INDIGO, INTERCONTINENTAL
HOTELS GROUP RESOURCES, INC.,
CRESCENT HOTELS & RESORTS,
LLC, TAVENT GROUP, INC., PARKER
SAMS, individually, and CHARLIE
TAVORMINA, individually,

        Defendants.
------------------------------------------------------------x

CIVIL ACTION NO.: 2:18-CV-12260

**CIVIL ACTION**

**ANSWER, DEFENSES AND CROSS-CLAIMS OF
DEFENDANTS TAVENT GROUP, INC.
AND CHARLIE TAVORMINA**

       Defendants Tavent Broad Street, Inc., improperly pled as Tavent Group, Inc. ("Tavent"), and Charlie Tavormina ("Tavormina") (hereinafter referred to as "Defendants") through their attorneys, Jackson Lewis P.C., for their answer to the complaint, state as follows:

       1.    Defendants deny the allegations contained in paragraph 1 of the Complaint, and deny that Plaintiff is entitled to relief sought therein.

1

## JURISDICTION AND VENUE

2. Paragraph 2 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 2.

3. Defendants aver that the document referenced in paragraph 3 speaks for itself, and deny any allegation to the contrary thereof.

4. Paragraph 4 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Paragraph 5 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 5.

## PARTIES

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, which refer to parties other than Defendants as defined herein.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except to admit that Tavent does business in the State of New Jersey.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except to admit that Tavormina is a Caucasian male and to admit that Tavormina was among Plaintiff's supervisors.

## FACTUAL ALLEGATIONS

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except to admit that Plaintiff worked as a valet services provider at Hotel Indigo.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, except to admit that Plaintiff worked as a valet services provider at Hotel Indigo.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except to aver that the allegations in paragraph 17 do not relate to Defendants.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the

Complaint, except to admit that Tavent provided certain services to patrons at Hotel Indigo at certain times.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants aver that the documents referenced in paragraph 52 of the Complaint speak for themselves, and deny any allegation to the contrary.

53. Defendants aver that the document referenced in paragraph 53 of the Complaint speaks for itself, and deny any allegation to the contrary.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e et seq.,
## (Against Defendants CORPORATE EMPLOYERS)

67. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 67 of the Complaint.

68. Paragraph 68 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## 42 U.S.C. § 2000e-3(a), RETALIATION
## (Against Defendants CORPORATE EMPLOYERS)

71. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 71 of the Complaint.

72. Paragraph 72 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
### 42 U.S. CODE § 1981 DISCRIMINATION
### (Against All Defendants)

75. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 75 of the Complaint.

76. Paragraph 76 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the

Complaint.

81. Paragraph 81 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 81.

### AS A THIRD CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### NJLAD § 10:5-12(a) DISCRIMINATION
### (Against All Defendants)

82. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 82 of the Complaint.

83. Paragraph 83 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### NJLAD § 10:5-12(d) RETALIATION AND INTIMIDATION
### (Against All Defendants)

86. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 86 of the Complaint.

87. Paragraph 87 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in

paragraph 87.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## NJLAD § 10:5-12(e) AIDING AND ABETTING
### (Against All Defendants)

91. Defendants repeat and reallege their answers to the aforementioned paragraphs as though fully set forth in response to paragraph 91 of the Complaint.

92. Paragraph 92 states a legal conclusion, and as such, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 92.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

11

## SEPARATE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD SEPARATE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH SEPARATE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's race, religion, or other protected characteristic or status.

### AS AND FOR A FIFTH SEPARATE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors other than race, religion, or other protected characteristic or status.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was justified by a business necessity.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent he failed to mitigate alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A NINTH SEPARATE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

### AS AND FOR A TENTH SEPARATE DEFENSE

Even if Plaintiff could prove that race, religion, or other protected status were a factor in any employment decision, Defendants would have made the same employment decision.

### AS AND FOR AN ELEVENTH SEPARATE DEFENSE

The Plaintiff's complaint is so vague and ambiguous that Plaintiff should provide Defendants with a more definite statement of the facts that form the basis for the legal claims alleged against the Defendants.

### AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiff failed to exhaust administrative remedies.

### AS AND FOR A THIRTEENTH SEPARATE DEFENSE

The Individual Defendants are not employers.

### AS AND FOR A FOURTEENTH SEPARATE DEFENSE

Defendants did not know, or have reason to know, of the alleged harassment, and took no adverse action against Plaintiff with respect to any term or condition of employment in connection with any allegation in the Complaint.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

Defendants took immediate action to prevent and remedy any known (or alleged) harassment.

### AS AND FOR A SIXTEENTH SEPARATE DEFENSE

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because the Defendants exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### AS AND FOR A SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and corrective opportunities or to avoid harm otherwise.

### AS AND FOR AN EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or Plaintiff participated in such conduct.

### AS AND FOR A NINETEENTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint.

## AS AND FOR A TWENTIETH SEPARATE DEFENSE

Plaintiff engaged in no protected activity, and Defendants took no adverse action against Plaintiff based on race, religion, or other protected characteristic or status.

## AS AND FOR A TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred and/or reduced by principles of contribution, indemnity, contributory negligence, contributory fault, comparative negligence, set-off and/or comparative fault of parties and non-parties other than Defendants.

## AS AND FOR A TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred by the after-acquired evidence doctrine.

## DESIGNATION OF TRIAL COUNSEL

Defendants hereby designate Ronald Sgambati, Esq. as trial counsel in this matter.

WHEREFORE, Defendants respectfully request that this Court:

    a.    Dismiss the complaint in its entirety;

    b.    Deny each and every demand, claim and prayer for relief contained in the Complaint and Jury Demand;

    c.    Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

## **DEFENDANTS' CLAIMS AND CROSS-CLAIMS AGAINST CO-DEFENDANTS**

### **AS AND FOR A FIRST CROSS-CLAIM**

1. If a judgment or settlement is recovered by Plaintiff from Defendants, such recovery will have come about because of the unlawful and/or culpable conduct of Co-Defendants.

2. Without admitting any liability in any way whatsoever, in the event Plaintiff recovers against Defendants Tavent and/or Tavormina, they are entitled to indemnification and/or contribution, by virtue of common law and applicable state and federal statutes, from co-Defendants for any and all amounts required to be paid by Defendants Tavent and/or Tavormina, inasmuch as the conduct complained of, if any, was the responsibility of co-Defendants.

WHEREFORE, Defendants Tavent and/or Tavormina are entitled to contribution and/or contribution and to have judgment against Co-Defendants, and for all or a proportionate part of any recovery, verdict, judgment, or settlement that Plaintiff may recover against Defendants.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ  07960-6834
(973) 538-6890

By:  s/ Ronald V. Sgambati
Ronald V. Sgambati
Mary L. Moore
Attorneys for Defendants Tavent Broad Street, Inc., improperly pled as Tavent Group, Inc. and Charlie Tavormina

Dated: January 16, 2019.
4850-7544-0248, v. 1